IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**INFINITE ENERGY, INC.,**

    **Plaintiff,**

vs.                                                                 CASE NO. 1:07CV23-SPM/AK

**THAI HENG CHANG,**

    **Defendant.**

_____/

## O R D E R

Presently before the Court in the above entitled action is Plaintiff's Motion to Compel and Motion for Sanctions. (Doc. 185). At issue are three categories of documents: emails from the account edsmith1818@yahoo.com; documents produced pursuant to subpoena in another case; and documents withheld because of privilege. Having considered said motion and the response thereto, the Court is of the opinion that the motion to compel and for sanctions should be **GRANTED**.

### Email Account

Plaintiff contends that it only recently learned of another email account used by the Defendant that should have been identified in response to Interrogatory No. 2, which Plaintiff served upon Defendant on November 6, 2007. Plaintiff contends that Defendant should supplement his document production to include these emails, which it alleges contain highly relevant information crucial to the issues raised in this case.

Specifically, Plaintiff contends that Defendant used this specific email account to engage in the activities upon which this entire lawsuit is based. Defendant represents

to Plaintiff and the Court that he cannot produce the emails because they have been destroyed by Yahoo!  He offers a copy of a generic response from Yahoo! regarding deactivating accounts, (doc. 193, exhibit A), but Plaintiff has attached to its motion a copy of a letter from Defendant's counsel to Yahoo! regarding a subpoena served in the Georgia case for the [hankchang138@yahoo.com](mailto:hankchang138@yahoo.com) account.  Nothing in that letter indicates a problem with Yahoo! complying with a subpoena for emails in that account despite Defendant's assertion that they had been deleted.  Perhaps Yahoo! has a process for obtaining emails from deactivated accounts as well.  Regardless, the Court does not at this time accept Defendant's explanation that production of these documents is "impossible," particularly given the important evidentiary value of these emails and the feeble offering by Defendant in support of his contention.  (See Doc. 193, Exhibit A).  The Court further finds that Defendant's representation that he was being "completely truthful" when he did not identify this account because he knew it would be impossible to ultimately produce these emails, to be sanctionable.  It will figure largely into the sanctions ultimately awarded in this matter if it is learned that Defendant's failure to identify this account earlier is the cause of the alleged impossibility.

As an initial matter, Defendant shall **immediately** make all possible efforts to obtain the emails in account [edmith1818@yahoo.com](mailto:edmith1818@yahoo.com) and shall then produce all documents in this account without further objection or delay.  Defendant shall file **forthwith** a Notice of Compliance with the Court detailing these efforts.  The Court will not accept Defendant's position that he cannot produce these emails until assurance is given from an executive at Yahoo! responsible for such tasks that this request is indeed

impossible.  If a subpoena or other court assistance is necessary to achieve this end, then the parties shall take such necessary action, but the burden shall initially be upon Defendant to retrieve these documents and produce them as soon as possible.   As a secondary matter, the Court agrees that sanctions are warranted, but that  the particular sanctions awarded should depend on the outcome of Defendant's efforts to obtain the documents, and what is revealed by these efforts as to Defendant's actions, if any, that resulted in spoilation of evidence or other more serious discovery violations.  Thus, the Court is hereby granting an award of sanctions, but it will determine the particular sanctions to be awarded later.

### Documents produced in the Georgia Action

Defendant objects to a number of requests for production of documents (nos. 10-12, 19-21, 26-27, 29-38, 41-46, 58, 62, 65, 74, and 78-80) on grounds that he has already produced them pursuant to subpoena in the Georgia Action, *Infinite Energy, Inc. v. Catalyst Energy, LLC, et al*, Case No. 1:06CV2923-CAP.

Plaintiff contends that Defendant is not a party to the Georgia action, that the issues in the Georgia action are slightly different, and that the date of the subpoena (March 22, 2007) does not encompass documents sought by the discovery requests (July 1, 2007).  Plaintiff also contends that only 70 documents have been produced in this cause and that Defendant has not even produced the documents responsive to the subpoena, despite his representations to the contrary.

The Court agrees generally that Defendant should not have to produce documents he has already produced, whether in another cause or not, but he may not simply refer Plaintiff to the other lawsuit with the general objection that he's already

produced responsive documents.  Defendant must respond to **each** discovery request served in **this** case and identify **each** responsive document by Bates number or other identifying information that specifies the precise document.  Of course, any responsive documents between March 22, 2007, and July 1, 2007, would **not** be previously produced in response to the subpoena, and therefore, shall now be produced within ten days of this date.

Insofar as Defendant objects to the documents related to the witness affidavits, (nos. 26-27), which he now contends are work product, the specific documents that would be responsive to this request shall be identified and described sufficiently in the Privilege Log required by Rule 26, Federal Rules of Civil Procedure, as set forth below, or the privilege will be deemed waived.

### Privilege log

Rule 26(b)(5)(A) requires that a privilege log describe the nature of the documents in sufficient manner so that other parties may assess the claim.  The Notice of Privilege (doc. 185, exhibit K) does not comply with this rule in that no specific documents are identified or described.  This Court is not familiar with a "categorical privilege log," as Defendant describes his log, and while it can appreciate that it may suffice in some cases, it is of the opinion that Defendant should fully and specifically comply with the language of Rule 26(b)(5)(A) to enable Plaintiff (and possibly this Court) to assess the privilege asserted should issues arise.  The Court does not accept Defendant's conclusory assertion that he would be unduly burdened by a "document-by-document" log because it would call for "hundreds, if not thousands, of emails between Chang and his attorneys, and his attorneys and their staff."  This is not a products

liability case involving multiple defendants or claims that, at least in the Court's view, would generate thousands of documents. Therefore, Defendant shall serve a Privilege Log that conforms to the requirements of Rule 26(b)(5)(A) within ten days of this date.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Compel and for Sanctions (doc. 185) is **GRANTED**, but the precise sanctions awarded shall be determined at a later date.

2. Defendant shall **immediately** undertake all actions necessary to obtain copies of emails in the account edsmith1818@yahoo.com and shall file a Notice detailing these efforts with the Court. On or before **September 15, 2008**, Defendant shall file a Status Report advising the Court and Plaintiff of the status of these efforts.

3. Defendant shall within ten days of this date produce all documents responsive to the requests at issue and in the manner described above and serve a Privilege Log that fully complies with Rule 26(b)(5)(A), Federal Rules of Civil Procedure.

**DONE AND ORDERED** this __29th__ day of August, 2008.

     _s/ A. KORNBLUM_
     **ALLAN KORNBLUM**
     **UNITED STATES MAGISTRATE JUDGE**