# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

INFINITE ENERGY, INC.,
a Florida corporation,

    Plaintiff,

vs.                                                       CASE NO.: 1:07-CV-023-SPM

THAI HENG "HANK" CHANG,

    Defendant.

_____/

## ORDER DENYING MOTION TO SEVER

       THIS CAUSE comes before the Court upon "Plaintiff's Emergency Motion to Sever Its Misappropriation of Trade Secrets Claim and Transfer it to the Northern District of Georgia " (doc. 187) and Defendant's response in opposition (doc. 194). Plaintiff requests that one of the thirteen counts filed in this case should be transferred to the Northern District of Georgia in order to be consolidated with a related trade secrets case pending there. Plaintiff states that presenting substantially similar evidence in separate cases, before separate courts will be inefficient for the parties and for the Court.

       Defendant responds that he opposes the request to sever the trade secrets claim, but that he does not oppose transferring the entire case to Georgia for all of the same reasons that Plaintiff wants to transfer just that claim–location

of parties; location of almost all the witnesses; location of physical evidence; and location of relevant conduct.  Defendant requests that this Court either transfer the entire action or retain the entire action here in the Northen District of Florida.

28 U.S.C. § 1404(a) sets out three main factors in determining a change of venue request convenience of parties, convenience of witnesses, and the interest of justice.  The burden is on Plaintiff to show why a venue change should be granted, and the trial court is vested with wide discretion in making that determination.  <u>Roofing & Sheet Metal Svcs. Inc. v. La Quinta Motor Inns, Inc.</u>, 689 F.2d 982, 985 (11th Cir. 1982).  Plaintiff has not met that burden.

Plaintiff requests that only the misappropriation claim be transferred to Georgia because the remaining claims in the Complaint relate to an employment agreement that contains a forum selection clause designating Alachua County, Florida as the appropriate forum and Florida choice of law.  Plaintiff requests severance of the misappropriation claim because that claim is related to a pending lawsuit in Georgia against one of Plaintiff's competitors and another former employee.  However, even though the testimony in both cases may be substantially similar, there are no parties in common and the only similarity is the claim.  Therefore, because the parties will still have to pursue and litigate the remaining claims here in Florida, there would be no actual convenience in severing only the misappropriation claim from this case.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Leave to File Reply Memorandum (doc. 206) is

hereby **granted**. Plaintiff's reply memorandum (exhibit A to doc. 206) is hereby accepted as timely filed.

2. Plaintiff's Motion for Permission to File exhibits Under Seal (doc. 207) is hereby **granted**. Exhibits (doc. 208) are hereby accepted as timely filed.

3. Plaintiff's Emergency Motion to Sever Misappropriation Claim (doc. 187) is hereby **denied**.

4. Defendant's Motion to Strike Plaintiff's Reply Memorandum (doc. 211) is hereby **denied**.

DONE AND ORDERED this <u>ninth</u> day of September, 2008.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    United States District Judge